**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DEUTSCH BANK NATIONAL TRUST COMPANY** as Trustee for GSAMP 2002-HE2 Mortgage Pass Through Certificates 2002-HE2, | § § § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. **3:14-CV-3542-L** |
| **JOSUE CHAVEZ and SERGIO MORENO,** | § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Default Judgment Against Defendants Josue Chavez and Sergio Moreno, filed December 9, 2014. After careful consideration of the motion, appendix, record, and applicable law, the court **grants** the Plaintiff's Motion for Default Judgment.

**I.   Background**

Deutsche Bank National Trust Company ("Plaintiff" or "Deutsche Bank") filed Plaintiff's Original Complaint ("Complaint") on September 30, 2014, against Defendants Josue Chavez ("Chavez") and Sergio Moreno ("Moreno" and collectively "Defendants"). This action arises from the failure of Defendants to make the required payments on an Adjustable Rate Note for $85,000 they obtained in August 1998 payable to Irwin Mortgage Corporation ("Irwin") as lender on a loan secured by the real property commonly known as 3201 Catalpa Street, Garland, Texas 75044 (the "Property") and more particularly described as follows:

**Memorandum Opinion and Order – Page 1**

> LOT TWENTY-TWO (22) IN BLOCK EIGHT (8) OF EAST PARK VILLAGE NO. 2, AN ADDITION TO THE CITY OF GARLAND, DALLAS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 77043, PAGE 2279 OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS.

Concurrently with execution of the Note, Josue Chavez and Sergio Moreno (together "Defendants") executed a Deed of Trust ("Deed of Trust" and together with the Note, the "Loan Agreement") with the Deed of Trust being recorded as document number 279525 in the official public records of Dallas County, Texas. Deutsche Bank is the current legal owner and holder of the Note; the beneficiary of the Deed of Trust; and mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code. Ocwen Loan Servicing, LLC ("Ocwen") services the Loan Agreement for Deutsche Bank.

Under the terms of the Note and Deed of Trust, Defendants were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note. The Loan Agreement further provides that should Defendants fail to make payments on the Note as they became due and payable, or should they fail to comply with any or all of the covenants and conditions of the Deed of Trust, lender may enforce the Deed of Trust by selling the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement.

Defendants failed to make their payments when due. The Loan Agreement is currently due for the Payment due June 1, 2013, and all subsequent monthly payments. On October 25, 2013, Deutsche Bank's mortgage servicer, Ocwen, through foreclosure counsel, mailed a notice of default and intent to accelerate to the Defendants at their last known mailing address at the time. Defendants failed to cure, and on December 2, 2013, the maturity of the debt was accelerated.

**Memorandum Opinion and Order – Page 2**

Defendant Josue Chavez was served with a copy of the summons and Complaint on October 7, 2014. Defendant Chavez was required to answer or otherwise respond to the Complaint by October 28, 2014, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, Defendant Chavez has not answered or otherwise responded to the Complaint.

Defendant Sergio Moreno was served with a copy of the summons and Complaint on October 23, 2014. Defendant Moreno was required to answer or otherwise respond to the Complaint by November 13, 2014, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, Defendant Moreno has not answered or otherwise responded to the Complaint.

On December 9, 2014, Deutsche Bank requested the clerk of court to enter a default against Defendants, and the clerk entered default against Defendants the same day. Plaintiff now requests the court to enter a declaratory judgment declaring that Defendants are in default; that Plaintiff is the owner and holder of the Note; and that Plaintiff may foreclose on the Property pursuant to Section 51.002 of the Texas Property Code.

**II.     Discussion**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Defendants. The court also finds, based upon the information in the record, that Defendants are not minors, incompetent persons, or members of the United States military.

Defendants, by failing to answer or otherwise respond to Plaintiff's Complaint, have admitted the well-pleaded allegations of the Complaint and is precluded from contesting the

**Memorandum Opinion and Order – Page 3**

established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Defendants are in default and that the Deutsche Bank is entitled to a default judgment and appropriate damages.

Based on the record, Deutsche Bank, as the current legal owner and holder of the Note, beneficiary of the Deed of Trust, and mortgagee, has the right to enforce the Note and Deed of Trust. Deutsche Bank has fully performed its obligations under the Loan Agreement; however, Defendants did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others). Therefore, the court declares that Defendants are in default and have not complied with the Loan Agreement; and that Deutsche Bank is allowed to foreclose on the Property in accordance with the Deed of Trust and Section 51.002 of the Texas Property Code.

### III.    Conclusion

For the reasons herein stated, the court **grants** the Deutsche Bank National Trust Company's Motion for Default Judgment. The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in favor of Deutsche Bank National Trust Company in accordance with this opinion and order.

**It is so ordered** this 19th day of June, 2015.

_/s/ Sam A. Lindsay_
Sam A. Lindsay
United States District Judge